UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-02-694 |
| | § | CIVIL ACTION  NO. H-06-2720 |
| ENRIQUE ESCOBEDO-TORRES, | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM AND RECOMMENDATION
DENYING MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE AND GRANTING THE UNITED STATES' MOTION TO DISMISS
AND TO EXPAND THE RECORD**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28

U.S.C. § 2255 is Movant Enrique Escobedo-Torres' § 2255 Motion to Vacate, Set Aside or

Correct Sentence (Document No. 88),[1] and the United States' Answer and Motion to Dismiss,

along with its Motion to Expand the Record (Document No. 94).  After reviewing Movant

Enrique Escobedo-Torres' § 2255 Motion, the Government's Answer and Motion to Dismiss, the

record of the proceeding before the District Court in the underlying criminal case, and on appeal,

and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below,

that Movant Enrique Escobedo-Torres' § 2255 Motion to Vacate, Set Aside or Correct Sentence

(Document No. 88) be DENIED, and the United States' Motion to Dismiss, along with its

Motion to Expand the Record, (Document No. 94) be GRANTED.

---

[1] Escobedo-Torres' Motion to Vacate, Set Aside or Correct Sentence can be found at
Document No. 1 in Civil Action No. H-06-2720 and at Document No. 88 in the Criminal Action
No. H-02-694.  References hereafter will be to the Criminal Docket numbers unless otherwise
indicated.

## I. Procedural History

Movant, Enrique Escobedo-Torres ("Escobedo-Torres"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is Escobedo-Torres' first attempt at § 2255 relief.

On November 22, 2002, a one-count Indictment was filed in the United States District Court for the Southern District of Texas, Houston, Division, charging Escobedo-Torres with illegal reentry following deportation. (Document No. 1).  On May 30, 2003, Escobedo-Torres filed a motion to suppress evidence of his prior deportation and a motion to dismiss the indictment.  (Document No. 33).  On June 23, 2003, following a suppression hearing, at which Escobedo-Torres' motion to suppress was denied, Escobedo-Torres appeared with counsel for a bench trial.  At the end of the one-day trial, Escobedo-Torres was found guilty.  (Document No. 48).

Prior to sentencing, a Pre-sentence Investigation Report ("PSR") was prepared, to which Escobedo-Torres filed written objections.  (Document No. 54).[2]  A final PSR was filed on

---

[2] Escobedo-Torres objected to an upward adjustment of two levels for obstruction of justice, for lying about receiving paperwork that indicated he could not reenter the United States. According to Escobedo-Torres, he did not lie about receiving the paperwork, but merely answered that he did not remember receiving the documents.

In another objection, Escobedo-Torres argued that he should be awarded a two level downward adjustment for his acceptance of responsibility under U.S.S.G. § 3E1.1(a).  Escobedo-Torres argued that this adjustment is available to a defendant whether or not the defendant pleads guilty or goes to trial.  Escobedo-Torres argued that because he did not contest any of the issues of factual guilt at trial, and in fact admitted to all elements of the offense at the trial of his case, he was entitled to two level reduction.

Escobedo-Torres also objected the assessment of criminal history points for convictions that occurred more than 10 years before the date of the present offense.

According to Escobedo-Torres, his total criminal history points should have been six, which corresponds to a criminal history category of III.  With a total offense level of 24, and a criminal history category of III, Escobedo-Torres maintains that he faced a  guideline range of 63-78 months.

September 24, 2003, pursuant to which Escobedo-Torres' sentence was calculated as follows: In calculating Escobedo-Torres' base offense level, Escobedo-Torres was held accountable for unlawful reentry into the United States after being deported, in violation of 8 U.S.C. § 1326(a) and 1326(b), which resulted in a base offense level of 8; (2) because on October 12, 1994, Escobedo-Torres was convicted of being in possession of a prohibited weapon, a "sawn-off" shotgun, and was deported on August 5, 1999, his base offense level was increased 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(iii); (3) because Escobedo-Torres willfully obstructed or impeded the administration of justice during the course of the prosecution when he testified during a suppression hearing immediately prior to his trial that he had never received any paperwork from the government indicating that he was not allowed to reenter the United States, his offense level was increased 2 more levels pursuant to U.S.S.G. § 3C1.1; (4) with a total adjusted offense level of 26, and with a criminal history category of VI, Escobedo-Torres had a guideline sentence range of 120 to 150 months.  (Document No. 55, p. 4-5, 13).  Escobedo-Torres' counsel re-urged his objections to the PSR through a written notice, which was filed on September 5, 2003, and at the Sentencing Hearing held on October 3, 2003.  (Document No. 55; Transcript of Sentencing Hearing, Document No. 77).  The Court overruled all of Escobedo-Torres' objections concerning the manner in which his guideline sentence had been calculated. The transcript of the hearing states:

> The Court: Mr. Escobedo, have you had a chance to read over this presentence report that's been filed in this case?
>
> Defendant: Yes, ma'am.
>
> The Court: And have you talked with Mr. Williams, your attorney, about the report?
>
> Defendant: Yes, ma'am.

The Court: Do you feel like you understand everything in the report?

Defendant: Yes, ma'am.

The Court: Do you have any questions that you would like to ask at this time?

Defendant: No, ma'am.

The Court: Mr. Williams has made a number of objections to the report, but I need to find out from you if you have any objections that Mr. Williams did not make to this presentence report.

The Defendant: No, ma'am.

The Court: All right.  Okay.  Mr. Williams, I have read your objections and I have also read the probation officer's response to those in the - - in the addendum, and I want to give you an opportunity to add anything that you might have to your written objections that you'd like to bring up at this time.

Mr. Williams: I would like to specifically - - I guess they kind of combined - - the part where he does not get acceptance of responsibility and the obstruction of justice are kind of combined together.

The Court Reporter: I'm sorry, and the what?

Mr. Williams: The obstruction of justice enhancement.  The whole purpose of going to trial in this case was to preserve a number of issues for appeal, and I felt like the best way to do that was to take every possible legal step I needed to take in the trial court to preserve those issues, which included a motion to suppress and also have a bench trial. We could have had a jury trial, but I think all the issues came out at the bench trial, and it was much easier and less time consuming for the Court and the Government to do the bench trial.  So, that's why I had everything laid out.  And if the Court will remember the testimony, all the issues related to - - back to some of the immigration issues that Mr. Escobedo-Torres had a problem with and whether or not it was done properly, and that's why I wanted to develop all that testimony.  The issues didn't relate really to factual guilt, it related to what happened two or three years ago when he was initially deported. And I wanted to preserve all those issues for appeal.  And that's why we went to trial. So, I don't think he deserves an obstruction of justice enhancement because I believe the testimony was whether or not he got certain paperwork and he said he didn't.  And then on cross examination, he said, "Well, maybe I got it.  I just don't remember it."  I don't think that rises up to the level of obstruction.  And also, he did admit to all the factual issues of guilt during the testimony; and the only reason, like I said, we did that and took it to trial was to preserve all these issues for appeal for the 5th Circuit to take a look at. So, I would ask the Court not to give him the two-level enhancement for obstruction of justice as well as to allow him a two-level decrease in his punishment range for acceptance of responsibility.

           *                    *                    *

The Court: Anything else?

Mr. Williams: Just an argument on punishment, Judge.

The Court: All right.  I'm going to overrule the objections made by Mr. Escobedo-Torres and adopt the findings of the presentence report as my own, both the findings of fact and the application of the guidelines to the facts; find a total offense level 26, criminal history category of VI, which gives a guideline provision range of 120 to 150 months.

(Transcript of Sentencing Hearing, Document No. 77, p. 3-5, 7).  Escobedo-Torres was sentenced to 120 months imprisonment, to be followed by a three year term of supervised release.  Also, the Court imposed a special assessment of $100, without a fine.  (Document No. 58).

On October 3, 2003, Escobedo-Torres filed a Notice of Appeal.  (Document No. 60). The Fifth Circuit Court of Appeals, unpersuaded by Escobedo-Torres' arguments that the court erred in calculating his sentence, affirmed his sentence.  (Document Nos. 80, 81).  The mandate issued September 21, 2005.  The record shows that Escobedo-Torres did not seek certiorari review with the United States Supreme Court.[3]  On August 22, 2006, within one year of his conviction being final, Escobedo-Torres timely filed a § 2255 Motion to Vacate, Set Aside, or

---

[3] In his § 2255 Motion to Vacate, Set Aside or Correct Sentence, Escobedo-Torres, with respect to his option to file a petition for writ of certiorari to the United States Supreme Court, claims that "[his] appellate counsel refused to file one after several requests."  (Civil Docket Document No. 1, p. 3 of 9).  Although not specifically supported by evidence in Torres' in his brief supporting his § 2255 motion, appellate counsel did respond by writing:

Appellant alleges on page 2 [sic] of the Motion to Vacate and on Page 6 of the Appellant's Brief in Support of Motion to Vacate that I failed to file a petition in the US Supreme Court, because I was no longer attorney of record for appellant after October 12, 2005.  The reason I did not file a petition after the court granted the motion to withdraw from representation, I had no authority to represent appellant in any proceedings, and had advised him of such.  (L. Chris Iles' Affidavit of Fact, Document No. 94-3 at 2).

Correct Sentence. (Document No. 88). The Government has filed an Answer and Motion to Dismiss. (Document No. 94).[4] This § 2255 proceeding is ripe for ruling.

## II. Issues Presented

Escobedo-Torres asserts several claims in this § 2255 proceeding, the majority of which are not cognizable. His claims can be characterized as follows:

1. The indictment and subsequent conviction was illegal because (a) he was deprived of his right to a hearing before an immigration judge, as allowed by 8 U.S.C. § 1326(d); (b) he was not served with the warrant of removal; and (c) that his deportation was illegal because driving while intoxicated was not an aggravated offense, thus implying that the United States lacked an essential element of the offense, namely, a valid deportation. (Document No. 90 at 3-4, 7-14, 15). Escobedo Torres further contends that the court erred in enhancing his conviction and sentence because he did not lie regarding the paperwork indicating that he would be deported. (Document No. 90 at 13-14).

2. His Fifth Amendment Due Process Rights were violated because (a) he was illegally deprived of a hearing before an immigration judge prior to his deportation; (b) his defense counsel failed to rebut evidence establishing that he was served documents related to his deportation; and (c) the United States did not prove an essential element of the offense; more specifically, the existence of a valid deportation order. (Document No. 90 at 3, 6, 15).

3. He had ineffective assistance of counsel at both the trial and appellate level because (a) his trial counsel failed to effectively counter the United States' evidence that Escobedo-Torres

---

[4] Escobedo-Torres has not filed a responsive pleading to the Government's answer, however, he has filed a Motion for Leave to Supplement Record, but has not provided any grounds for specific requests to assert new claims. Accordingly, Escobedo-Torres' Motion is DENIED.

was served documents related to his deportation; (b) that appellate counsel neglected to raise that same argument on appeal; and (c) that appellate counsel misrepresented to Escobedo-Torres that he raised *Booker* issues on Escobedo-Torres' behalf before the Fifth Circuit. (Document No. 90 at 6); and.

4. His deportation by the Immigration and Naturalization Service ("INS") was illegal because (a) he was deprived of his right to a hearing before an immigration judge, as allowed by 8 U.S.C. § 1326; and (b) driving while intoxicated was not an "aggravated offense" within the meaning of 8 U.S.C. § 1227. (Document No. 90 at 3-4).

The United States, in response, argues that Escobedo-Torres' claims are without merit. With respect to Escobedo-Torres' claims that his indictment and subsequent conviction were illegal, that his Due Process rights were violated, and that his deportation by INS was illegal, the Government argues that Escobedo-Torres' points are conclusory, therefore entitling him to no relief. Alternatively, the Government argues that all of these claims were already considered and rejected by the Fifth Circuit Court of Appeals and Escobedo-Torres is barred from relitigating them before this Court. With respect to Escobedo-Torres' ineffective assistance of counsel claim, the Government argues that this point is also conclusory, and alternatively should not be considered since the Fifth Circuit found the substantive issues devoid of merit. Additionally, the Government argues that counsel's performance was not constitutionally deficient. (Document No. 94 at 8, 9-10).

### III.  Discussion

#### A.  Illegal Indictment/Conviction, Due Process Rights, and Illegal Deportation

Points one, two, and four of Escobedo-Torres' claims regarding the legality of his indictment, conviction, deportation, and alleged violation of his Due Process rights are claims that have already been litigated at trial and upon direct appeal before the Fifth Circuit. (Document No. 68 at 42; Document No. 80 at 2-10).  Furthermore, as to Escobedo-Torres' contention regarding the calculation of his sentence, Escobedo Torres' argument is a challenge to the District Court's application of the United States Sentencing Guidelines, and is not cognizable under § 2255.

Claims such as that raised by Escobedo-Torres that the District Court erred in enhancing or failing to reduce a sentence are not cognizable under § 2255.  *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (holding defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in § 2255 proceeding.); *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."), *cert. denied*, 516 U.S. (1996); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding . . . A

district court's technical application of the [Sentencing] Guidelines does not give rise to a constitutional issue.") (citations omitted).

In addition, as to Escobedo-Torres' claims relating to his sentence calculation and those claims relating to his underlying conviction and deportation, points one, two, and four, all were raised by Escobedo-Torres at trial and in his direct appeal, and subsequently rejected by the Fifth Circuit on the merits. With respect to Escobedo-Torres' enhancement as result of lying during testimony and obstructing justice, the Fifth Circuit wrote:

> On appeal, Escobedo-Torres first argues that the district court erred by imposing the two-level sentence enhancement for obstruction of justice. Specifically, Escobedo-Torres challenges the district court's finding that he testified falsely at the suppression hearing about whether he received the immigration paperwork related to his 1999 deportation.

> \*        \*        \*

> Arguing that he testified truthfully, Escobedo-Torres claims the enhancement was improper because the court could not show that he possessed the "willful intent" to obstruct justice. To this end, Escobedo-Torres first asserts that the district court failed to make a specific finding regarding his intent. He is correct that such a finding is required in this circuit. *Greer*, 158 F.3d at 239 ("[A] § 3C1.1 enhancement implies a mens rea requirement, . . . and requires the district court to make a specific finding of intent.") However, his contention that the district court did not meet this requirement fails.

> The findings in the PSR, which the court expressly adopted, explain that Escobedo-Torres gave false testimony when he "testified during a suppression hearing immediately prior to trial that he had never received any paperwork from the government indicating that he was not allowed to re-enter the United States." The court concluded that by giving such testimony, Escobedo-Torres had "willfully obstructed or impeded the administration of justice during the course of the prosecution of the instance [sic] offense of conviction." Accordingly, the district court set forth a specific finding of intent. *Cf. Reed*, 49 F.3d at 901 (holding that the district court failed to make a specific finding of intent where the court's findings did not reveal the particular basis for the enhancement and "it made no findings that the conduct it believed was obstructive was willfully so").

> Escobedo-Torres next argues that the district court's finding was clearly erroneous because his testimony was not perjured. Specifically, he contends that he never claimed he did not receive the immigration paperwork; rather, he maintains that he merely testified that he could remember getting the documents.

> \*        \*        \*

When reviewing the imposition of an obstruction-of-justice enhancement, we defer to the credibility determinations of sentencing court unless they are clearly erroneous. The district court here ultimately believed that Escobedo-Torres had been served with the required documentation, and that he was being purposefully misleading about these events, rather than forgetful; the evidence supports the district court's judgment. Accordingly, the district court did not clearly err in enhancing Escobedo-Torres' sentence for obstruction of justice. (Document No. 80 at 4, 6-7, 10).

With respect to his reduction for accepting responsibility, the Fifth Circuit wrote:

Escobedo-Torres' challenge fails because whether he challenged his factual guilt is not conclusive of whether he deserved credit for accepting responsibility for his offenses. As the Guidelines indicate, the determination that a defendant who goes to trial has "clearly demonstrated" acceptance of responsibility is "based primarily upon pretrial statements and conduct." As we have already noted, the district court found that Escobedo-Torres gave false testimony at the suppression hearing. In addition, Escobedo-Torres refused to stipulate to any facts in his case and waited until three days before his scheduled trial date to waive his right to a jury trial. Given these circumstances, we defer to the district court's finding that Escobedo-Torres did not merit an offense-level reduction for acceptance of responsibility. (Document No. 80 at 12-13) (citations omitted).

Although not specifically brought up by appellate counsel, the Fifth Circuit also addressed the evidence supporting the Government's counterclaim that Escobedo-Torres was in fact presented with proper documentation regarding deportation and reentry into the United Stats. The Fifth Circuit wrote:

Notwithstanding [Escobedo-Torres'] testimony, the Government presented credible contradictory evidence that Escobedo-Torres had in fact been served with proper documentation. Some of the documents on their face indicate that Escobedo-Torres received them. The Notice of Intent contains a Certificate of Service executed by an INS officer. The certificate states, "I served the Notice of Intent. I have determined that the person served with this document is the above named individual," and the date and manner of service are listed as "2/12/99 by hand." And, as noted above, even though Escobedo-Torres claimed never to have received the Notice of Intent, the form acknowledging receipt of that document bears his signature.

Other circumstantial evidence suggests that Escobedo-Torres received the Notice of Intent, Order of Removal, and paperwork warning him that it would be illegal to return to the United States. On February 12, 1999, the date that the Government purportedly served Escobedo-Torres with the Notice of Intent, he wrote a rebuttal letter to the INS in which he referred to "papers" regarding deportation given him by an "officer." Finally, two INS detention officers testified that normal procedures would include service of removal and warning documentation to each alien upon deportation, and that the

documents in Escobedo-Torres' case demonstrated that he had been served according to these procedures.  (Document No. 80 at 9-10).

Claims that have been raised and litigated on appeal cannot be relitigated in this § 2255 proceeding.  *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."), *cert. denied*, 476 U.S. 1118 (1986).  Escobedo-Torres' argument concerning his sentencing enhancement, that his deportation was illegal, as was his subsequent conviction and indictment, and that his due process rights were violated, were considered and rejected by the Fifth Circuit.  Therefore, no relief is available under Escobedo-Torres' claims in points one, two, and four.

### B.  Ineffective Assistance of Counsel

 Escobedo-Torres sets forth several allegations related to the effectiveness of both trial and appellate counsel.  In its Response and Motion to Dismiss, the Government argues that Escobedo-Torres cannot show that either his trial counsel or his appellate counsel was deficient or that his defense or appeal was prejudiced by counsel's performance.  In support of its Motion to Dismiss, the Government offers the affidavits of Escobedo-Torres's trial counsel, Andrew J. Williams, and appellate counsel, L. Chris Iles.  Escobedo-Torres, as part of his § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 88), has submitted his own sworn statement.  (Document No. 89).  Escobedo-Torres's ineffectiveness claims must therefore be viewed in the context of the entire record, including the competing affidavits and statements.

Claims of ineffective assistance of trial counsel are generally measured by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had.  *Id*. at 687.

11

Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-689. The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993). In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Under the prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th

Cir. 1983), *cert. denied*, 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691. Counsel will not be judged ineffective only by hindsight.

Claims of ineffective assistance of appellate counsel are generally assessed under the same two part *Strickland* deficiency and prejudice standard as claims of ineffective assistance of trial counsel. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994). With respect to *Strickland's* deficiency prong, "[o]n appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *see also Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.) ("The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."), *cert. denied*, 493 U.S. 970 (1989). Rather, "[a]ppellate counsel is obligated to only raise and brief those issues that are believed to have the best chance of success." *Rose v. Johnson*, 141 F.Supp.2d 661, 704-705 (S.D. Tex. 2001). "It is not only reasonable but effective for counsel on appeal to winnow out weaker arguments and focus on a few key issues." *Mayo v. Lynaugh*, 882 F.2d 134, 139 (5th Cir. 1989), *modified on other grounds*, 893 F.2d 683 (5th Cir. 1990), *cert. denied*, 502 U.S. 898 (1991). "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

As for *Strickland's* prejudice prong, in the context of an ineffective assistance of appellate counsel claim, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001). When the claim of

ineffective assistance of appellate counsel is based on counsel's failure to raise a claim or issue

on appeal, prejudice is established if it is shown "that the appeal would have had, with

reasonable probability, a different outcome if the attorney adequately addressed the issue" and

"that the attorney's deficient performance led to a fundamentally  unfair and unreliable result."

*Id.*  at 474-75.

Escobedo-Torres argues that both his trial and appellate counsel were ineffective because

(a) his trial counsel failed to effectively counter the United States' evidence that  Escobedo-

Torres was served documents related to his deportation; (b) that appellate counsel neglected to

raise that same argument on appeal; and (c) that appellate counsel misrepresented to Escobedo-

Torres that he raised *Booker* issues on Escobedo-Torres' behalf before the Fifth Circuit.  In

Escobedo-Torres' sworn statement, he wrote:

> . . . Affiant states and make [sic] known that on various occasions he advised his attorney
> Mr. Andrew Williams, that the I.N.S. D.E.O. agency and its officers were committing
> fraud by falsely fabricating I.N.S. forms and that they were lying and perjuring
> themselves before the court and he neglected to stop such criminal action.  Therefore
> counsel failed to adequately represent Affiant . . . Therefore rendering ineffective
> assistance of counsel . . . . (Document No. 89 at 3).

In Escobedo-Torres' brief in support of his § 2255 motion, he wrote:

> Petitioner's attorney failed to raise several points in his argument that Petitioner was
> denied a fair trial because of the evidence submitted in his case could not be proved that
> Petitioner in face without a doubt, had been served or had received the documents in
> question.  The testimony offered by the government backing the exhibits submitted, was
> the testimony of a person who was also in question as to whether he had in fact served
> the form to the Petitioner.  Petitioner's attorney also failed to raise the issue as to how the
> I.N.S. had improperly [sic] obtained the Final Administrative Removal Order, failing to
> argue that Petitioners [sic] rights were violated.  It was in direct violation of Petitioenrs
> [sic] due process rights and rights/protection under the Fifth Amendment.  The attorney
> also failed to raise these issued [sic] in the appeal filed on Petitioners [sic] behalf.
> During the direct appeals, Petitioner's attorney misrepresented to Petitioner that he had
> gone before the 5th Circuit Court of Appeals to argue several issued [sic] on the Booker
> [sic] ruling on Petitioner's case.  The attorney never mentioned this argument in any of
> his pleadings filed in this case, nor has the attorney provided Petitioner with copies of
> such pleadings.  Petitioner has contacted attorney regarding this issued [sic] and

requested copies, but, Petitioners [sic] attorney has failed to respond back to Petitioner. Therefore Petitioner does claim ineffective assistance of counsel.  (Document No. 90 at 6).

With respect to Escobedo-Torres' claim that his trial counsel was ineffective for not effectively countering the United States' evidence regarding his deportation and related paperwork, the affidavit of Andrew J. Williams, Escobedo-Torres' trial counsel, states:

> Counsel for Petitioner tried the case to the best of his skills notwithstanding the considerable evidence against Petitioner.  Counsel had only Petitioner's word and memory to support his position at trial.  The United States, on the other hand, had substantial documented evidence to support its position that Petitioner had been previously properly deported and had again been found in the United Stats sometime thereafter.

> &ast;    &ast;    &ast;

> Counsel had no indication nor any evidence to suggest that any witness for the United States had falsified any documents or deliberately committed perjury at trial.  In counsel's view, the fact that witnesses, most of whom had difficulty even remembering Petitioner, would contrive to falsify evidence and testimony to convict him was at a minimum an absurdity.  There was simply no motive to testify falsely at trial and no indication that any witness did so.  In any event, counsel for Petitioner cross examined the witnesses to the best of his ability considering the lack of favorable evidence in Petitioner's favor.  (Affidavit of Andrew J. Williams, Document No. 94-2 at 1, 2).

With respect to Escobedo-Torres' ineffectiveness of appellate counsel claims, the Affidavit of Fact by L. Chris Iles, Escobedo-Torres' appellate counsel, states:

> On March 8, 2005 I orally argued appellant's case before the US Court of Appeals for the 5th Circuit.  On April 22, 2005, I submitted a supplemental brief to the 5th Circuit assessing the impact of the *Booker/Fanfan* opinion on appellant's case.  On August 22, 2005 the 5th Circuit filed an unpublished opinion affirming appellant's conviction.  On September 21, 2005, mandate was issued.  On October 3, 2005, I filed a motion to withdraw as counsel, which the 5th Circuit granted on October 13, 2005.  On October 22, 2005 and again on November 16, 2005, I mailed the withdrawal order to appellant accompanied by a letter explaining to him that if he wanted to appeal his case pro se he would have to contact the court directly, as I was not representing him any longer pursuant to 5th Circuit order.

> &ast;    &ast;    &ast;

> Regarding appellant's allegation on page 6 of the Motion to Vacate and on page 6 of Appellant's Brief in Support of Motion to Vacate that I failed to raise various issues on appeal which the appellant believed were meritorious, the issues which I did raise on appeal were the only nonfrivolous issues which, in my opinion, were supported by the record and established 5th Circuit precedent.
>
> Regarding appellant's complaint that he was never "given the opportunity to argue these points in court," the 5th Circuit does not permit incarcerated appellants to attend or participate in oral argument.
>
> In my opinion I discharged all duties and obligations in representing Mr. Escobedo-Torres as required.  (L. Chris Iles' Affidavit of Fact, Document No. 94-3 at 1-2).

Given these unrefuted statements by counsel, in their respective affidavits that (1) trial counsel countered the United States' position to the best of his legal capability, (2) appellate counsel reasonably chose not to pursue Escobedo-Torres' specific claims regarding the deportation paperwork on appeal, and (3) appellate counsel did, in fact, submit a supplemental brief regarding Escobedo-Torres' *Booker* claims; and given the fact that Escobedo-Torres received an opportunity from appellate counsel to ask questions regarding his appeal, as evidenced by his requests and appellate counsel's acknowledgement of those requests, and to this date has made no timely reply to the Government's responsive pleadings, based upon the record, counsel's trial and appellate performance was not deficient and there was no resulting prejudice within the meaning of *Strickland*.  Accordingly, Escobedo-Torres' ineffectiveness claim fails.

### IV.    Conclusion and Recommendation

Based on the foregoing conclusion that Escobedo-Torres is not entitled to any relief on his claims, the Magistrate Judge

ORDERS that Movant's Motion for Extension of time to File Response/Reply (Document No. 98), Motion for Leave to File to Supplement § 2255 Motion (Document No. 99), Motion for Discovery (Document No. 102), and Motion for Leave to Supplement § 2255 Motion (Document No. 101) are all DENIED.  The Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss, along with its Motion to Expand the Record (Document No. 94) be GRANTED, that Movant Enrique Escobedo-Torres' Motion to Vacate, Set Aside or Correct Sentence (Document No.88) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 21st day of July , 2008.

Frances H. Stacy
United States Magistrate Judge